UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ADAM L. LEE                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 5:24CV-P24-CRS

MCCRACKEN COUNTY JAIL                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff Adam L. Lee filed the instant *pro se* 42 U.S.C. § 1983 action.  The amended complaint (DN 9)[1] is before the Court on initial review pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss the action.

## I. SUMMARY OF COMPLAINT

Plaintiff was a pretrial detainee at the McCracken County Jail (MCJ) at the time pertinent to this suit and is now incarcerated at another facility.  In the caption of the amended complaint, he lists Defendants as "McCracken County Jail as a whole and the company they lease the medical unit to as a whole."

Plaintiff states that when he entered MCJ he "informed the jail and medical staff about my disability's and medical problems."  He asserts, "Never once did I see a doctor and the head nurse took it upon herself to change my critical seazur meds and deniy the dietery needs I have as a Type 2 diabetic."  He continues, "In order for any of this to happen I should have had a full medical exam with a real Dr.  That never happened I informed everyone of the jail staff members about this and was threatened by the jail and medical staff."  Plaintiff states, "This is a great example of abuse of athurity figure's position all the way through there chain of command."  He alleges a violation of his constitutional and civil rights and medical negligence.  He also states,

---

[1] By prior Order (DN 8), the Court ordered Plaintiff to file an amended complaint on the Court's approved § 1983 complaint form and directed that the amended complaint would supersede the original complaint.

"Im asking the Court for help please look into all the other pending suits against them.  Im asking the Court to have an investigation started on both the jail staff and the medical units staff for there action."  He also requests the appointment of counsel "because I have no income and I have a disability and should not be allowed to represent myself."

As relief, he seeks compensatory and punitive damages and an apology letter.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to

be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### A. § 1983 claims

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). The court will first examine whether the amended complaint states a violation of statutory or constitutional rights.

### 1. Medical treatment

"Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted; brackets in *Hyman*).[2] The Sixth Circuit has articulated the standard for a Fourteenth Amendment claim of deliberate indifference as requiring that a plaintiff must show (1) the existence of a sufficiently serious medical need, and (2) "that each defendant 'acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"

---

[2] Formerly, a pretrial detainee's right to medical care was analyzed under the same Eighth Amendment standards that apply to claims brought by convicted inmates. However, in *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021), the standard for a pretrial detainee's Fourteenth Amendment medical care claim was clarified to require a lesser showing of culpability than for an Eight Amendment claim.

*Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner*, 14 F.4th at 596 (6th Cir. 2021)).

For the purposes of initial review, the Court concludes that Plaintiff's need for seizure medication meets the objective requirement for stating a sufficiently serious medical need. However, Plaintiff cannot satisfy the second component because he does not allege that any personnel acted deliberately or recklessly. A pretrial detainee must allege "more than negligence but less than subjective intent—something akin to reckless disregard." *Brawner*, 14 F.4th at 596 (internal quotation marks omitted). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Here, Plaintiff does not allege he was denied his seizure medication; he alleges that his seizure medication was changed. Plaintiff's allegations amount to a difference of opinion with respect to the medication, which is not sufficient to state a violation of the Fourteenth Amendment under Brawner. *See Vontz v. Hotaling*, No. 2:19-cv-12735, 2023 U.S. Dist. LEXIS 62994, at *15 (E.D. Mich. Mar. 6, 2023) ("As to the second prong, it is important to note that *Brawner* did not change the principle that mere medical negligence, nor a disagreement between treater and patient as to the better course of treatment, does not equate to a constitutional violation[] under . . . the Fourteenth Amendment.") (citing *Brawner*, 14 F.4th at 596), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 62432 (E.D. Mich., Apr. 10, 2023); *Maynard v. Lincoln Cnty. Jail*, No. 1:24-CV-229-DCLC, 2024 U.S. Dist. LEXIS 134404, at *9 (E.D. Tenn. July 30, 2024) (dismissing pretrial detainee's Fourteenth Amendment claim on initial review finding that the plaintiff received treatment and "his disagreement with the adequacy of that treatment fails to raise a

constitutional issue"). Therefore, Plaintiff's claims based on the change to his seizure medication must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Diabetic diet

Plaintiff alleges Defendants denied his dietary needs as a Type 2 diabetic. This allegation is wholly conclusory and provides no facts to support a constitutional violation, such as what foods he requested and what foods he was given instead. Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted). There is nothing in the complaint to indicate that the allegation is not merely based on his opinion. Plaintiff's allegation is too lacking in factual specificity to state a claim. *See Iqbal*, 556 U.S. at 678 (complaint not sufficient "'if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Therefore, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### 3. Threats

Plaintiff also alleges that he was threatened by jail and medical staff. This claim is also conclusory and too lacking in factual support to support a claim. *See id.* To the extent Plaintiff is alleging a retaliation claim, minor threats and verbal harassment do not give rise to a retaliation claim. *See Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Accordingly, Plaintiff's broad allegation of threats by jail and medical staff must be dismissed for failure to state a claim upon which relief may be granted.

### 4. Investigation

Finally, with regard to Plaintiff's request that the Court investigate Defendants, citizens have no constitutional or federal statutory right to compel the investigation of another person.

*Ruffin v. Milacheck*, No. 5:22CV-P159-JHM, 2023 U.S. Dist. LEXIS 91248, at *6 (W.D. Ky. May 24, 2023) (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54 (1986)); *see also Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017).  Moreover, a district court has no authority to order a criminal investigation, nor can it do so itself.  *Kuilan v. Zimmerman*, No. 22-5331, 2022 U.S. App. LEXIS 29631, at *2 (6th Cir. Oct. 24, 2022).  Therefore, Plaintiff's claim seeking an investigation of Defendants must be dismissed for failure to state a claim.

### B.  State-law claims

Plaintiff also alleges medical negligence.  Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").  The state-law claims, therefore, will be dismissed without prejudice.

### C. Request for appointment of counsel

Plaintiff requests the appointment of counsel in his complaint, and he also filed a separate motion for appointment of counsel (DN 12).  Because the Court finds that Plaintiff's complaint must be dismissed based on the foregoing reasons, the Court will deny Plaintiff's request and motion for appointment of counsel as moot.

## IV. CONCLUSION

Accordingly, the Court will dismiss the complaint by separate Order.

Date:   August 15, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        McCracken County Attorney
4411.010